Daniei, Judge.
 

 The Judge below was of opinion that the continuance of the trial of the warrant from the 2d day of June 1832, to the 4th day of July following, was what the justice had a right to do,, by virtue of the act of 180S,
 
 (Rev. ch.
 
 627,
 
 sec.
 
 3.)
 

 We agree with the judge in the above opinion — although the words
 
 “Sundays
 
 excepted,” are not incorporated in the third section of the act of 1803, yet from what is in the preamble to that section, w-e must understand the enacting part to mean, that a Justice of the peace shall have power to enter a continuance or postponement of trial, of any civil matter before him, to any period of time within thirty judicial days from the date of the entry, that is,
 
 “Sundays
 
 excepted,” for
 
 dies dominms non est jnridicus.
 
 The preamble to the aforesaid section informs us that “doubt bad arisen "whether any investigation or decision can be legally had on a warrant in any case
 
 after thirty days from the date thereof,
 
 although the same may have been executed and returned in due time, and for sufficient cause shown, postponed by the justice for remedy whereof, “
 
 Be.it enacted,
 
 &c. that on oath being made by either of the parties, the justice may continue or postpone the trial of the cause,provided such postponement shall not exceed
 
 thirty days.
 
 The Legislature must have meant, as it seems to us, that the conti-tinunnee of the cause should be confined within the same
 
 *486
 
 time that the act of 1794 authorised and directed the justice to cause 1ns warrant to be returned in the first instance, viz : thirty days,
 
 “Sundays
 
 excepted.” If the Sundays are taken out in computing the days between the two periods of time, then the trial day would be within the time limited by the act.
 

 A miscontinu-tíraTo/th^peac^ ca,mot be taken tho defendant, af i terhehasappeai-the cause in the court above-
 

 Secondly : — If there bad been a miscontinuance the defendants instead of bringing a writ of false judgment, appeared at the trial and appealed from the judgment to the county court, and even tiien no motion Vas made to quash the proceedings, for irregularity, nor was any plea entered. I he plaintiff again obtained a judgment in the county court, and the defendant appealed to the Superior court, where they entered the plea of
 
 nil debet
 
 in bar of the plaintiffs demand. The Judge was of the opinion that if the magistrate had acted illegally in the continuance over that the defendants had waived the objection by pleading in bar of the demand. This court is by no means prepared to decide that after an
 
 appeal
 
 the defendant could, by any plea, be admitted to deny that there was a judgment from which he did appeal, but if ho could, then the court concurs also with the opinion of the Judge on this point, for it is a rule in pleading that good matter must be pleaded in right form, apt time and in due order. If the defendant pleads in bar to the action he admits the form of the writ and count — he answers to the right in demand, and puts that right in issue, and thereby admits that there is a sufficient/oran to put it in issue. (5
 
 Bac, M,
 
 327, 328). If there was any error in the proceedings before the Justice, the subsequent consent of the defendants to go on with the case, took away the error.
 

 Feb Curiam. — Judgment aeeiumed.